IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| ALAM SEPULVEDA CARABALLO, § § | |
| Movant, § § | |
| V. § § | NO. 4:24-CV-1247-O |
| § § | (NO. 4:23-CR-010-O) |
| UNITED STATES OF AMERICA, § § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Alam Sepulveda Caraballo under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.     BACKGROUND**

On January 11, 2023, Movant was named in a one-count indictment charging him with conspiracy to possess with intent to distribute five hundred grams of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. § 846. CR ECF No.[1] 11. Movant entered a plea of not guilty. CR ECF No. 16. On March 24, 2023, Movant was named in a one-count superseding information charging him with possession with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). CR ECF No. 21. Movant and his counsel signed a plea agreement, CR ECF No. 25, and a factual resume. CR ECF No. 24. The factual resume set

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:23-CR-010-O.

forth the maximum penalty Movant faced (including imprisonment of up to twenty years), the elements of the offense charged in the superseding information, and the stipulated facts establishing that Movant had committed the offense. *Id.* The plea agreement set forth the penalties Movant faced, the Court's role in sentencing, the government's agreement not to bring any additional charges based on the conduct underlying and related to the plea agreement and to dismiss any remaining charges after sentencing, that the plea was freely and voluntarily made and was not the result of force, threats, or promises, that Movant waived his right to appeal or otherwise challenge his conviction or sentence except in limited circumstance, and that Movant had thoroughly reviewed all legal and factual aspects of the case with his counsel and was fully satisfied with the legal representation provided him. ECF No. 25.

On March 29, 2023, Movant appeared for arraignment on the superseding information. He testified under oath in open court that: he understood the charges against him; he had discussed with counsel how the sentencing guidelines might apply in his case; he understood that his sentence was wholly within the Court's discretion; he understood the essential elements of the crime charged by the superseding information and committed each of them; he was fully satisfied with his counsel; he signed the plea agreement after reading, discussing, and understanding it; he knowingly and voluntarily waived his right to appeal as stated in the plea agreement; he knowingly and voluntarily entered into the plea agreement; no one used force or threats or promised him anything to waive the right to appeal or to enter into the plea agreement; he understood that he faced a term of imprisonment not to exceed twenty years; he understood that if his sentence was more than he expected he would not be able to withdraw his plea; and he read, understood, and signed the factual resume and all of the facts set forth in it were true and correct. CR ECF No. 56.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 38. CR ECF No. 33, ¶ 24. He received a two-level enhancement for possession of a loaded revolver and drugs together inside his vehicle. *Id.* ¶ 25. He received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 31, 32. Based on a total offense level of 37 and a criminal history category of I, his guideline imprisonment range was 210 to 262 months; however, the statutorily-authorized maximum sentence was twenty years, so the guideline imprisonment range became 210 to 240 months. *Id.* ¶ 67. The PSR noted that Movant benefitted from the plea agreement since he would have been subject to a mandatory minimum term of imprisonment of ten years to life under the indictment. *Id.* ¶ 69. Movant filed objections to the gun enhancement and calculation of methamphetamine PSR, CR ECF No. 35, and the probation officer prepared an addendum rejecting the objections. CR ECF No. 39. Movant also filed a motion for downward departure or variance. CR ECF No. 37.

The Court sentenced Movant to a term of imprisonment of 210 months. CR ECF No. 45. He appealed, CR ECF No. 48, despite having waived the right to do so. CR ECF No. 25, ¶ 11. His counsel filed a motion for leave to withdraw and a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). The Fifth Circuit concurred with counsel's assessment that the appeal presented no nonfrivolous issue for appellate review and dismissed the appeal. *United States v. Caraballo*, No. 23-10780, 2024 WL 1504339 (5th Cir. Apr. 8, 2024).

## II. GROUNDS OF THE MOTION

Movant asserts two grounds in support of his motion, each alleging that he received ineffective assistance of counsel. ECF No.[2] 1 at 4–5.[3] He also filed a memorandum in support. ECF No. 2.

## III. APPLICABLE LEGAL PRINCIPLES

### A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[3] The page number references to the motion are to "Page __ of 15" reflected at the top right portion of the document on the Court's electronic filing system and are used because the type-written page numbers on the form are not the actual page numbers of the document.

4

later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In his first ground, Movant alleges that during pretrial counsel failed to: inform him of the relevant circumstances and likely consequences of pleading guilty, conduct an adequate and

independent investigation, and attempt to negotiate a favorable plea agreement. ECF No. 1 at 4; ECF No. 2 at 11–21. The allegations themselves are conclusory as is the argument supporting this ground. Movant does not explain what exactly his counsel was to have done or why it would have made any difference.

Any argument that the plea was not knowing and voluntary is belied by the record. The plea agreement he signed stated that Movant understood the nature and elements of the crime to which he was pleading guilty; it set forth the penalties Movant faced; it included Movant's recognition that his sentence would be wholly within the Court's discretion; it stated that the plea was freely and voluntarily made and not the result of force, threats, or promises; it stated that Movant waived his right to appeal except in certain limited circumstances; and it concluded with the statement that Movant had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with the legal representation provided. CR ECF No. 25. The document is entitled to a presumption of regularity and carries great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). Movant's solemn declarations in open court, admitting among other things that he understood the charges against him, the penalties he faced, that his plea was knowing and voluntary, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Even if Movant could show that his plea was not voluntary, he could not show prejudice, as there is no reason to believe that he would have insisted on going to trial but for this alleged deficient performance. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). His conclusory allegation

that had he "been properly advised of his actual correct options available . . . there is a reasonable probability that he would have opted to proceed to trial" does not meet the test. ECF No. 2 at 14.

One who alleges a failure to investigate must allege with specificity the type of investigation that should have been undertaken and explain how it would have altered the outcome of the case. *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *United States v. Goodley*, 183 F. App'x 419, 422–23 (5th Cir. 2006). Here, Movant can only speculate as to what might have been done and how it would have made any difference. His conclusory allegations are insufficient to raise a claim. *Miller*, 200 F.3d at 282. In any event, his guilty plea waived all non-jurisdictional defects in the proceedings leading to his conviction, including objections to searches and seizures that violate the Fourth Amendment. *United States v. Cothran*, 302 F.3d 279, 285–86 (5th Cir. 2002). Moreover, Movant waived his right to pursue these claims as part of his plea agreement. CR ECF No. 25, ¶ 11. The waiver was knowing and voluntary and is enforceable. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

As for the allegation that counsel failed to negotiate a favorable plea, Movant fails to provide any specifics. At best, Movant alleges that counsel "misinformed him about sentencing exposure." ECF No. 10 at 11. He was led to "believe he would receive a more favorable outcome than what was actually imposed." ECF No. 2 at 18. Apparently, he thought he would be facing a sentence of 168 months instead of the 210-month sentence he received. *Id.* at 14. Movant clearly understood the penalties he faced and the failure of counsel to accurately predict his sentence or to calculate his guideline range does not render his plea unknowing or involuntary. *See, e.g.*, *United States v. Lincks*, 82 F.4th 325, 331–32 (5th Cir. 2023) (underestimating guideline range not ineffective where movant knew the sentence he faced and denied that counsel had promised a

7

particular sentence); *Harmason v. Smith*, 888 F.2d 1527, 1532 (5th Cir. 1989) (erroneous prediction of leniency does not render plea involuntary). There is simply no evidence that a better plea agreement could have been obtained. The indictment exposed Movant to a term of life imprisonment; as a result of the plea agreement he was limited to a statutory maximum sentence of twenty years.

In support of his second ground, Movant argues that counsel rendered ineffective assistance in failing to: correctly discuss and explain the PSR prior to sentencing, file substantive objections to the PSR, and argue for mitigation of punishment and object to his sentence as being substantively unreasonable. ECF No. 1 at 5; ECF No. 2 at 21–24. The first allegation is wholly conclusory and unsupported. The record reflects that Movant received a copy of the PSR and discussed it with counsel. CR ECF No. 55 at 4. Even in his reply Movant fails to explain what he means or why he was harmed by the alleged "failure to explain." ECF No. 2 at 12.

As for the second allegation, the record reflects that counsel filed objections to the PSR, including objections to the drug calculation and to the firearms enhancement. CR ECF No. 35. Movant has not shown that his proposed objections would have had merit. Neither *Apprendi v. New Jersey*, 530 U.S. 466 (2000), nor *Alleyne v. United States*, 570 U.S. 99 (2013), has any bearing on this case. Neither does *Mack v. United States*, 782 F. App'x 789 (11th Cir. 2019), where guns were found well after the conspiracy ended in a place with no apparent connection to the defendant's drug-trafficking activities. Counsel cannot be faulted for failing to press frivolous objections. *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997).

The argument about mitigation and failure to object to the sentence are likewise without merit. Counsel filed an extensive motion for downward departure or variance, CR ECF No. 37,

and argued for a low-end sentence at sentencing. CR ECF No. 55. The Court imposed a sentence at the low end of the guideline range. There was simply no reason to object to the substantive reasonableness of the sentence. *Davis v. United States*, 3:21CR63-MPM-RP, 2025 WL 51382, at *6 (N.D. Miss. Jan. 8, 2025) (citing *United States v. Mudekunye*, 646 F.3d 281, 288 (5th Cir. 2011)). A sentence that falls within the guideline range is not considered substantively unreasonable. *Id.* (citing *United States v. Conn*, 657 F.3d 280, 286–87 (5th Cir. 2011)). Counsel made the best arguments available and Movant benefitted by receiving a low-end sentence. Movant has not shown, and cannot show, that he received ineffective assistance.

## V. CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this **23rd day** of **May, 2025**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**